Good morning. My name is Rachel Kinstrand. I represent the appellant, Vladislav Vinokur. Assistant State's Attorney, Anthony O'Brien, on behalf of the people. Each side is 15 minutes. It's a very interesting case. I can assure you we've read the briefs, the recent opinions coming down from our Supreme Court on the area, including one from last week. So we'd appreciate it if you could get to your strongest point first. Any time you're ready, Ms. Kinstrand. Ms. Kinstrand I will reserve five minutes for rebuttal. Mr. O'Brien And you have it. Ms. Kinstrand May it please the Court, the short answer to the question posed by this Court is yes. This Court may consider Vinokur's claim that his sentence of first-time offender probation is void, even though he is no longer imprisoned for the purposes of the Post-Conviction Act. As multiple cases make clear, Vinokur can raise the issue of his void sentence at any time, either directly or collaterally. It does not depend on the verbiage of the Post-Conviction Act in prison in the penitentiary. Lack of standing under the Act is not a bar to this Court's jurisdiction, which it has because the petition was properly filed in the court that accepted his plea and sentence and because a timely notice of appeal was filed. This is so because standing under Illinois law is an affirmative defense and does not implicate the Court's subject matter jurisdiction. In fact, this is what the Illinois Supreme Court has held on multiple occasions. Mr. O'Brien Well, how about flowers? Distinguish flowers for me, since it seems to me, and just me, that it's in all fours, that you have to the trial court has to have jurisdiction. For us to look at any case, a timely notice of withdrawal plea must have been filed in the trial court. And the allegation of it being a void sentence, which was the allegation in flowers, is no bar, rather is it? It does not prevent a bar from filing a PC. Ms. O'Brien I think, Your Honor, the distinction is that multiple cases have held that a void sentence issue can be raised either directly or collaterally. In other words, it's distinguishable from a situation involving the failure to file a motion to withdraw a plea because of the very nature of the fact that it's void. Mr. O'Brien If I may, flowers reading now. Although a voidness must be raised in the context of a proceeding that is properly pending in the courts. If a court takes or lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. The reason is obvious. Absent jurisdiction, in order directed at the void judgment, would itself be void and of no effect. So the fact that it's void in flowers, and that was the allegation by Ms. Flowers, she was actually doing time at the time when she filed it in prison, raising this void order. The trial court had ordered her to pay back, interestingly, fees and costs through her prison earnings, which our court just ruled on again last week as being improper. The Supreme Court held, we don't care if you're raising an allegation of voidness, you still have to get into court somehow. And in this case, she, or the defendant here, filed a false conviction petition years after any problems, any notion of a sentence. Ms. O'Brien Right. But again, the difference is that what's required under the Act, standing is not equivalent to subject matter jurisdiction. In Illinois law, unlike the federal courts, standing is an affirmative defense that can be raised or waived by the state. And I don't think all of the cases that have considered this issue, Carrera, Roger, Gopal, all of the progeny from that, have never considered it as a subject matter jurisdiction issue, because it's not. Illinois courts derive their authority to hear things from the Illinois Constitution. They're courts of general jurisdiction. This is unlike Article III courts in the federal arena, where standing is the burden of the plaintiff to plead and prove. It's the opposite under Illinois law. In Illinois law, a lack of standing is an affirmative defense that can be raised or waived by the, in this case, the state. And so it shouldn't be a bar to this court's jurisdiction as long as the petition was filed in the court that rendered the finding of guilt. Mr. Davis Other than your argument that it's void, you can do it at any time. You're certainly not saying you complied, your client complied, with the 604-605 in a timely fashion, other than the saving grace, perhaps, that it's a void sentence, right? It's years later. Ms. O'Donnell Right. Again, but I mean for the purposes of not only what this court set forth, the question posed by this court in the order, and for the purposes of the Post Conviction Act, again, I think that the court, because this was a timely, because this was a petition filed in the court that rendered the initial finding of guilt, accepted the plea, and imposed a sentence of first-time offender probation, and because a notice of appeal was filed from that, this court has subject matter jurisdiction to consider the voidness issue. And because we know a void sentence can be challenged at any time, I really don't think Flowers is on point. I think it's distinguishable from the Instant Case. And I think not only that, but I think that for the purposes of considering whether this was imprisoned in the penitentiary, all of the cases that considered this issue relied on whether this was a collateral consequence. I mean, even the language of Carrera says, you know, this is, they can't control what other agencies do. You know, collateral has been defined by this court in Raja Gopal as something that has not to do with the nature or length of the sentence. It's typically with respect to something that other agencies do that are not under the control of the trial court. Well, this isn't a collateral issue. I mean, what could be more direct than something that's under the control of this court to correct? It's a void sentence. It's part of this court's inherent authority to correct, because, again, this court has, courts of the state of Illinois have general subject matter jurisdiction over these types of cases. Well, are you familiar with Jack O'Malley's Law Review Article? I am familiar. In fact, I read it about two nights ago. So did I. And it was written also, I hope, by the intelligent person involved in the law clerk currently here who works for Jack. But going back, so Carrera, you mentioned he was 10 months old, and they held he couldn't file his post-conviction. Very similar in terms of background. What happens is a lot of people who are not citizens committed fairly minor crimes, and then they pled guilty because they wanted to at the time. It behooved them to do so, they thought. And now, years later, when they're scooped up by ice and are about to be shipped back to whatever country they were born in, they say, well, this is terrible. Look what happened to me eight years ago. In this case, my sentence is wrong because they gave me a break, an undeserved break, an illegal break. Yeah, they should have just given me a real punishment and perhaps put me in a penitentiary, which is allowed, but expungable probation is not allowed. And since they failed to punish me correctly, I get another bite at the apple. Carrera says he can't do that. He can't even file the post-conviction petition. So how do you do it? What document do you suggest that your client should be able to file to get in front of a court of law? He's outside, he's at home, he's probably in ice somewhere in the federal system. What piece of paper should he send in the mail to the state of Illinois asking for relief? Well, that's a multi-faceted question from my perspective. One form. No, go ahead. Handle it the way you want to handle it. Okay. Well, first of all, I think that Carrera is distinguishable. I think I attempted to do that in the brief, but I think, you know, Carrera, unlike my client, is not dealing with a void sentence issue. I think multiple cases have held that you can consider a void sentence at any time. And the second issue with Carrera is, again, Carrera didn't deal with a standing issue as a jurisdictional issue. Carrera dealt with it in terms of an interpretation of the Post-Conviction Act, but again, I don't think that that implicates jurisdiction. It wasn't addressed in Carrera, and it wasn't discussed in those terms. Secondly, I also think Carrera's discussion on Padilla, which I'm sure this Court is familiar with, but which said they've never made a distinction for the purposes of federal constitutional law between a direct and a collateral consequence, is instructive, again, for the point that I made about what this Court said in Roger Gopal. It says, because the state has nothing to do with defendant's deportation and has no control over the actions of the INS, we cannot say that defendant's possible deportation renders defendant a person in prison in the penitentiary. But the distinction is, here we have a situation where it's not INS controlling the nature of the judgment rendered by the Illinois Trial Court. This is a situation where we have the trial court in direct control over whether the courts of the state exceed their statutory authority in imposing a sentence. And this is something that it's not within INS or ICERP or any other federal agency to control. This is something that it's directly within your purview to address. How do you get here? That's what Flower says. That's everything we say. He goes back to my question. What piece of paper should he file? You apparently believe, as you're frankly stuck with, I think, that your client should be able to file a petition for post-conviction relief, even though clearly the law in Carrera says, no, you can't do that. You're not allowed to file such a document because you're not subject to the protections of the post-conviction area unless you are held in custody of some kind, whether it be parole, probation, whatever it would be. Since he's not subject to that, and if you can see, he's not subject to that, what should he do? But I think we're, in some respects, we're talking past each other because, again, my position is that the lack of standing, in other words, the way that the courts have handled this case in the past century, is not, it does not implicate subject matter jurisdiction. And for the purposes of this case, as long as he has a properly filed petition in the court that entered the finding of guilt, and he has a timely notice of appeal filed in this court, you have authority to consider this issue. You have authority to consider whether your trial court exceeded its statutory authority in imposing a sentence. What if he was dead? What if your client had died during this time? Would you be able to, some relative, my grandfather died, unless he had a small-time conviction, could I write a letter or file a post-conviction hearing petition saying, ah, that judge was incorrectly sentenced to an illegally sought sentence. I would like you to change it because he's my grandfather and I like him a lot. Would that be okay? Well, I confess that I'm not entirely familiar with all the rules regarding whether litigation is deceased, but I believe that the rule in terms of being deceased is that it ends litigation of the matter. But my client's not deceased. I mean, my client is facing some very real consequences from a conviction. It's not a conviction. It's an entry of guilt and a sentence. It's not a judgment of conviction. But he's facing some very real consequences as a result of everybody getting it wrong. The trial court getting it wrong, the state's attorney. Well, they didn't get it wrong. They knew exactly what they were doing. They asked that he asked that everybody knew what they were doing. They gave the guy a break. He wanted it, but you know what? Under White, a brand new case from last week, said that doesn't matter, that both sides want it, or it's the right thing. They don't care if it's the right thing, the Supreme Court. They say it can't be waived, that indeed a void sentence is a void sentence, no matter how happy everybody is with it at the time. Right, and Your Honor, and again, you know, in this case, it's not just White, it's not just the law. There's real equitable reasons here. He thought he was pleading. Equity's got nothing to do with it. Well, but he thought, but in the course of entering his negotiated guilty plea, he thought that he was getting this probation, and not only that, he was told by the court that it wasn't going to have any immigration consequences for him. Well, I disagree with what the judge says. I'm not an immigration lawyer. I think you're right there. So you say the Post-Conviction Act applies to everybody. People can use that form to come in and ask for post-conviction relief, whether they are under sentence or not at all, as long as they can claim that the allegation that the sentence was void is a key that opens the door at any given time in a person's life. If they're breathing, they can file a request to have a void sentence and conviction voided then and sent back for trial decades later. I think, again, the rule is that a void sentence can be raised at any time. That's what we've held. That's a phrase that's used all the time. I didn't make the law, but that's the position that my client has to take. And again, I don't think this is necessarily going to have some sort of floodgate reaction that you may think it will. I think this is a very unique situation that my client, you know, I think not in every case, and certainly not even Carrera, did this issue come up. The fact that they write it the way they write it doesn't mean it didn't come up. So Carrera being a mandamus case as opposed to a PC case, I'm sorry, Carrera is a PC case, they looked at that, obviously. And so to say that they didn't think of Jack O'Malley's theories about what voidness is, which I didn't agree with him, by the way. I don't see how that helps you, necessarily, since it was O'Malley's position. Void doesn't really mean void. It doesn't mean you can attack it at any time, which of course is your position that you can attack it at any time, which under the law would seem to support your position. But his theories, O'Malley's theories, do not, I would suggest, don't support your theory. But Carrera, again, is seven months old. The Supreme Court said, people who have this who are not under sentence may not file post-conviction relief, period. And then they say, oh yes they can because I have a theory that this involves jurisdiction. Okay, I work for those guys, so. But they didn't address it as an issue of subject matter jurisdiction. They don't. They addressed it as a matter of what petition do you file. Can you seek relief under the Post-Conviction Hearing Act when it does not apply to you? No. I mean, their answer to Carrera is no. Your answer is, oh yes, you can because it's really important. And again, but their reasoning, I think their reasoning and the reasoning underlying Carrera and Roger Gopal is the collateral consequences, that the threat of being deported by INS has never been held to be a direct consequence in Illinois. But this is different because a direct consequence is a void sentence. But that's a theoretical question. If the PC were granted, is immigration satisfied? If he had the opportunity to withdraw his plea, it would certainly withdraw the specter of inadmissibility because the problem is, is that under federal law, first-time offender probation, at least in the Seventh Circuit, and at the time that he entered his plea and got the sentence, is deportable. And in the only portion of the country that I, and I haven't updated all my immigration law at this point, but the only portion of the country where you can get a sentence of first-time offender probation and not be subject to the federal immigration naturalization law is in the Ninth Circuit. So there's a federal equivalent to first-time offender probation, and there's obviously the state law, but under the Seventh Circuit, they both can get you kicked out of the country. So, I mean, he has, you know, he has that consequence, but again, I don't think the court necessarily has to go down the path of Carrera to decide that it has the authority to deal with his void sentence issue. We have to address it, don't we? I mean, seven months ago they said people in these circumstances cannot file it, but you're asking us to say, we look at Carrera, and we distinguish Carrera because the defendant in Carrera did not raise the issue of whether or not his sentence was void. And so when defendants raise the issue of whether or not their sentence, or anything during the procedure, was void, then it gets over the Carrera hurdle. Well, it gets over it because the Carrera hurdle is the way it interpreted imprisoned in the penitentiary. And the way that they interpreted it, in part, was the collateral consequence portion that I read you in terms of how they were reading Padilla. And they relied on all this other Illinois law and some federal habeas law and talked about really how it's not within the purview of the Act to expunge people's records for the purposes of controlling what a federal agency does. This is different because it's this court controlling what its trial courts do. And I think that's the distinguishing factor from Carrera. I think that's what makes this different. And again, I don't think this is something that's going to come up in every immigration case. But from an equitable standpoint, and I know, Your Honor, you don't necessarily think the equities apply here, but this is something where every party involved thought that he was getting a sentence that was going to be not a deportation issue, that if he successfully completed, there wasn't going to be a judgment of conviction. And that only if he violated the terms of the first time offender probation, he was going to be subject to a judgment of conviction. And they were wrong. And everybody was wrong. And so I don't think it's, from an equitable standpoint, I don't think it's fair to make the imprisoned in the penitentiary a bar to him, particularly when he negotiated and agreed for a specific sentence that he thought he was getting. Okay. Thank you. You have time to reply. Okay. Mr. O'Brien. Morning, Your Honors. Assistant State's Attorney, Anthony O'Brien, on behalf of the people of the state of Illinois. Your Honors, there is an analogy here in this case with the standing issue and the law and jurisdiction as represented in the Flowers decision. Standing concerns a party's right to make a legal claim before the court. And here, the circuit court found that the defendant does not have a right to challenge his guilty plea under the Post-Conviction Hearing Act, that he had no right to bring the claim before the court. Now, having taken appeal from that judgment, the defendant inquires standing before this court only in a limited sense. He's only vested with authority to challenge what the circuit court ruled on the question of standing. Does he have the right to be in front of the court? That does not go beyond the scope of that, beyond the scope of that question. That's the same logic that's applied in the Flowers decision, that as far as how expansive the jurisdiction of the appellate court is, where the trial court lacked jurisdiction, presents a very narrow question. And the same logic from that applies here to this case. And I agree, Your Honors, that the Supreme Court's decision in Carrera is directly on point with this case. It held that the defendants who have completed their sentences, they have no standing under the Post-Conviction Hearing Act because they're no longer imprisoned within the penitentiary within the meaning of the act. And that's what sweeps out the standing of the defendant in this case. Are you familiar with White that was filed last week by any chance? No, I'm not, Your Honor. I don't want to ask you about that. It's a case about void sentences, how they're going to be detected. I'm using the phrase of Justice Burke, at any time. And even if the state agrees to the illegal sentence, it's an illegal sentence. And the defendants get back to complain about it, even though their allegation is just like in this one, where the defendant pled to 28. And he filed a motion to withdraw his plea and said, oh, by the law, under the law, I couldn't have gotten less than 35. I want to withdraw my plea and get more time. And the trial court said, no. The appellate court said, yes. And the Supreme Court said, yeah, even though you agreed below to take the 28. You're right, that judge has an illegal act or a void sentence, and you get to go back. I'm not familiar with the case, but I guess what could be a distinguishing factor is, was the defendant properly before the court in the first place? Did he have standing to be making a claim? He did. He did? And we don't have that here. And that sets White apart from what we have in this case, Your Honors. Well, it cuts against an invited error from one of our other justices. The first sister came down a couple months ago. It's a case cited by yourself. I have it somewhere, where it's invited error when the defendant asks for something he doesn't deserve. That doesn't apply for a White. So no, I'm not saying it's invited error during pleas. Okay. Great. Unless Your Honors have any other questions, I don't have anything. Thank you, Your Honors. Ms. Kindstrand, briefly. Your Honor, again, I mean, the only point I can really address that the State made is the standing issue again. You know, they said that he has no legal right to make a claim. The problem is, again, that we're dealing with a void sentence. And as you pointed out, White holds that regardless of whether it inures to the defendant's benefit, its legal sentence is void, and he can be entitled to withdraw his plea. I would submit to you that even this case is a little different even than White, because although the first time the offender probation inured to his benefit, it was a benefit that was for reasons that he thought he was getting. It was based on what the trial court told him about the nature of first time offender probation. And we know that the trial court was wrong. And I think under circumstances when everybody is operating under this misapprehension about what this sentence really means and whether or not he's eligible under the language of the statute, that this is something that we should correct. And I guess the only other point I would make is to reiterate a point I made in my supplemental brief in that an argument that the State made is that the sentence is void and not voidable. Because of the nature of first time offender probation, it's not anywhere akin to probation under the Uniform Code of Corrections. You have no adjudication. You have no judgment of conviction. And that was a material element of the plea agreement, of the negotiated plea agreement. And so again, Your Honor, this is a situation in which my client was 19 years old at the time that he got picked up with potty. He had been in the country since he was 7 years old. He was a legal resident alien. He pled guilty under the assumption that this was not going to be a problem down the road. He discovered this problem years later when he contemplated renewing his legal resident alien card. And now he's in a situation that only this court has the authority to correct. And because it's a void judgment, he should be entitled to relief. Thank you very much for the arguments and the briefs. This case will be taken under advisory.